[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2009
THOMAS K. KAHN
CLERK

No. 07-15239
Non-Argument Calendar
_____

D. C. Docket Nos. 06-02474-CV-JTC-1
& 02-00155-CR-JTC

AMZAD LALANI,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

No. 07-15359
Non-Argument Calendar
_____

D. C. Docket Nos. 06-02475-CV-JTC-1
& 02-00155-CR-6-1

WENDY LALANI,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(February 26, 2009)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Amzad Lalani and Wendy Lalani (collectively "the Petitioners"), proceeding with separate counsel in this consolidated appeal, challenge the district court's denial of their motions to vacate their sentences, pursuant to 28 U.S.C. § 2255. The Petitioners alleged that their shared trial counsel was constitutionally ineffective because, after they instructed him to pursue a plea agreement, he erroneously advised them that a plea agreement was not in their best interests. The Petitioners further alleged that had their counsel pursued a plea agreement, they would have obtained a plea offer from the government, and they would have pled guilty and received a lesser sentence, as did other co-defendants. The district court found that because the Petitioners maintained their innocence after being convicted, they could not show prejudice, i.e., that they would have pled guilty but for counsel's advice.

## I.    Factual Background and Procedural History

After a jury trial, the Petitioners were convicted of one count of conspiring to the interstate transport of stolen goods, in violation of 18 U.S.C. § 371, and 137 counts of the interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314. Amzad was sentenced to 121 months', and Wendy was sentenced to 63 months' imprisonment.

Early on in his case, Amzad Lalani instructed trial counsel to pursue a plea agreement for himself and his wife Wendy Lalani. Amzad also requested that trial counsel inform him of the exposure he faced by proceeding to trial. In response, trial counsel told Amzad a plea agreement was "not necessary because he was going to win the case." A plea agreement ostensibly may have been an option for them - other co-conspirators entered into plea agreements,[1] although it is not clear by how much their sentences would have been reduced.

Amzad Lalani and Wendy Lalani filed separate motions to vacate their sentences, pursuant to 28 U.S.C. § 2255. The district court issued separate orders addressing their motions. For both Amzad and Wendy, the district court assumed that they instructed counsel to pursue a plea agreement and that counsel advised them that a plea was unnecessary because they would win at trial. Nevertheless,

---

[1] Six of the Movants' co-conspirators pled guilty with the benefit of a plea agreement. (CM/ECF for the U.S. District Ct. for the N.D. of Georgia, No. 1:02-cr-00155, docket entries 231, 235, 236, 259, 313, 315).

the district court found that neither could show prejudice because their "post-conviction-stance[s]" that they were innocent showed that neither could demonstrate that there was a reasonable probability he or she would have pled guilty.

Both Petitioners filed notices of appeal and motions for certificates of appealability ("COA"). The district court denied their motions in a single order. We issued a certificate of appealability on the following issue: "Whether the district court erred in finding that trial counsel was not ineffective for failing to pursue a plea agreement after the appellants requested that counsel do so, in light of the fact that no evidentiary hearing was held. See Finch v. Vaughn, 67 F.3d 909, 916 (11th Cir. 1995)."

## II.     Standard of Review

In a 28 U.S.C. § 2255 proceeding, we review the district court's findings of fact for clear error and its legal conclusions *de novo*. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Id.* Denial of an evidentiary hearing is reviewed for abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). Furthermore, we may affirm on alternative

grounds. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).

The district court "shall" hold an evidentiary hearing on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Aron*, 291 F.3d at 714-15 (quotation omitted). Yet the "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Id.* at 715.

## III. Ineffective Assistance of Counsel

"To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) 'counsel's performance was deficient,' meaning it 'fell below an objective standard of reasonableness'; and (2) 'the deficient performance prejudiced the defendant.'" *Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984)). If a petitioner fails to show deficient performance, the court need not go on to determine whether there was prejudice, and vice-versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

The Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."

5

*Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985). "The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis as such an omission cannot be said to fall within the wide range of professionally competent assistance demanded by the Sixth Amendment." *Finch v. Vaughn*, 67 F.3d 909, 916 (11th Cir. 1995) (quotations and ellipses omitted). The prejudice inquiry in the context of guilty pleas, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. To show prejudice after a rejected plea, an individual must "establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991); *accord Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

## IV.  Discussion

The district court stated that the Petitioners could not show that they would have pled guilty because they asserted post-conviction arguments that they were innocent and that the evidence in their trial was insufficient to convict them.

The Sixth Circuit has specifically addressed whether a petitioner maintaining his innocence prevents him from showing that there was a reasonable probability that he would have pled guilty if informed of the government's plea offer. *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003). In *Griffin*, the petitioner

6

alleged that his counsel was ineffective for not informing him of the government's

plea offer. *Id.* at 734. The government argued that the record showed that the

petitioner would not have pled guilty if he had known about the offer because he

maintained his innocence throughout the trial and sentencing. *Id.* at 738. The

Sixth Circuit held that the petitioner's "repeated declarations of innocence do not

prove, as the government claims, that he would not have accepted a guilty plea."

*Id.* (citing *North Carolina v. Alford*, 400 U.S. 25, 33, 91 S. Ct. 160, 165 (1970)

("reasons other than the fact that he is guilty may induce a defendant to so plead,

. . . and he must be permitted to judge for himself in this respect" (quotation

omitted))). The court went on to state the following:

> Defendants must claim innocence right up to the point of accepting a guilty plea, or they would lose their ability to make any deal with the government. It does not make sense to say that a defendant must admit guilt prior to accepting a deal on a guilty plea. It therefore does not make sense to say that a defendant's protestations of innocence belie his later claim that he would have accepted a guilty plea. Furthermore, a defendant must be entitled to maintain his innocence throughout trial under the Fifth Amendment. Finally, Griffin could have possibly entered an *Alford* plea even while protesting his innocence. These declarations of innocence are therefore not dispositive on the question of whether Griffin would have accepted the government's plea offer.

*Id.*

    In this case, the Petitioners challenged their convictions, in part, on the basis

7

that they were innocent. The district court held that because they maintained their innocence after their trial they could not show prejudice. We find the Sixth Circuit's opinion in *Griffin* persuasive with respect to the prejudice prong of *Strickland*. Furthermore, because the Petitioner's protestations of innocence after their trial do not prevent the Petitioners from showing prejudice, as was held in *Griffin*, there is sufficient subjective evidence in the record to warrant an evidentiary hearing to determine whether there is a reasonable probability that the Petitioners would have accepted a plea offer had their counsel successfully pursued a plea offer from the government.

Also, the petitioners, like *Griffin*, have presented a potentially meritorious claim on the deficient performance prong of *Strickland*, but the district court did not address the deficiency prong and we leave it to the district court in the first instance to decide the utility of hearing evidence on that issue.

## V.  Conclusion

For the foregoing reasons, the decision of the district court is VACATED and the case is REMANDED for an evidentiary hearing to determine whether the *Strickland* test is met in light of *Griffin* .

**VACATED AND REMANDED**

8