**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30311
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALPIDIO GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-63-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alpidio Gonzalez was convicted by a jury of possession with intent to distribute 100 kilograms or more of marijuana and was sentenced to 360 months of imprisonment and eight years of supervised release. Gonzalez argues that the Government failed to produce allegedly material impeachment evidence concerning the cooperating informant Omar Sikaffy in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Gonzalez contends that the Government failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to provide accurate and complete informant personnel files and DEA payment records to Sikaffy and that it failed to reveal that Sikaffy was responsible to pay his own income taxes on any payments received.

The record shows that the Government provided Gonzalez with records showing payments received by Sikaffy for his cooperation. Sikaffy testified about the payments he received in New Orleans and Houston for his cooperation. Counsel for Gonzalez had the opportunity to cross-examine Sikaffy about the payments he received. Counsel cross-examined Sikaffy about the sentencing benefits he received and his motivations for participating in the undercover operation and offering testimony at trial. Sikaffy's criminal record was disclosed in detail to the jury. In closing argument, counsel for Gonzalez argued that Sikaffy was totally unreliable based on the benefits paid, the reductions of sentence received, and his criminal record. Gonzalez has not demonstrated that the Government failed to disclose any evidence that could have been used to impeach Sikaffy.

Gonzalez argues that his prior Texas conviction for delivery of a controlled substance was not a controlled substance offense for sentencing enhancement purposes. He argues that according to this court's decisions in *United States v. Gonzalez*, 484 F.3d 712 (5th Cir. 2007), *United States v. Morales-Martinez*, 496 F.3d 356 (5th Cir. 2007), and *United States v. Price*, 516 F.3d 285 (5th Cir. 2008), the district court erred in applying the career offender enhancement of U.S.S.G. § 4B1.1 because his indictment included a charge of violating the statute by means of an "offer to sell." Gonzalez argues that the district court erred in applying the enhancement based upon his indictment and that the state trial court made no explicit factual finding regarding whether the offense was accomplished by "actual transfer" or "offer to sell."

The district court had before it the state court judgment, which stated in writing that the offense had been accomplished by actual transfer. The cases cited by Gonzalez are distinguishable because they lacked such documentation.

2

The district court did not err in applying the career offender enhancement. *See Morales-Martinez*, 496 F.3d at 357.

AFFIRMED.