**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2012

No. 11-30288

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALPIDIO GONZALEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
2:10-CV-2790

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's denial, without an evidentiary hearing, of federal prisoner Alpidio Gonzalez's ("Gonzalez") motion under 28 U.S.C. § 2255 to vacate his sentence on the grounds that his trial counsel rendered constitutionally deficient assistance by failing to: (1) inform him of a plea offer, and (2) provide accurate advice regarding his sentencing exposure. We conclude that Gonzalez has not presented sufficient evidence to create a factual issue regarding his ineffective assistance of counsel claim. We therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

AFFIRM the district court's denial of Gonzalez's § 2255 motion without an evidentiary hearing.

## I.

On October 30, 2007, a jury convicted Gonzalez of possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1). The Pre-Sentence Investigation Report (PSR) assigned Gonzalez a total offense level of thirty-seven based, in part, on a nine-level career offender enhancement pursuant to U.S.S.G. § 4B1.1 for his two prior convictions for controlled substance offenses.[1] Gonzalez's career offender designation raised his criminal history category from IV to VI. This resulted in a recommended Sentencing Guidelines range of 360 months to life imprisonment. The PSR also indicated that the statutory minimum sentence under § 841(a)(1) was ten years. On March 12, 2008, the district court sentenced Gonzalez to 360 months' imprisonment, at the bottom end of the Guidelines range. His conviction and sentence were affirmed on direct appeal. *United States v. Gonzalez*, 312 F. App'x 618 (5th Cir. 2009) (per curiam) (unpublished). Gonzalez filed a § 2255 motion to vacate his sentence, arguing, among other things, that his trial counsel provided constitutionally deficient assistance by: (1) failing to inform him of the government's plea offer of 120 months, and (2) failing to provide accurate advice concerning his sentencing exposure by advising him to reject the plea offer and to go to trial. Gonzalez failed to sign his § 2255 motion under penalty of perjury.

In support of his § 2255 motion before the district court, Gonzalez claims to have attached a letter dated April 24, 2007, written by his trial counsel to the Assistant United States Attorney (AUSA). In the letter, counsel stated that he had received the AUSA's letter dated April 23, 2007, and that he had determined

---

[1] Gonzalez's base offense level was twenty-six. The career offender enhancement pursuant to § 4B1.1 raised Gonzalez's base offense level by nine. Gonzalez also received a two-level upward adjustment for being an organizer of at least two individuals who transported marijuana.

that the plea offer was not in his client's best interests after reviewing the *Bryan* letter,[2] the attachments, and the statutes and guidelines involved. Counsel explained in the letter that based on the guidelines applicable to Gonzalez's case, a plea agreement to a multiple offender bill pursuant to 21 U.S.C. § 851(d)(1) would have resulted in a restricted guideline of 120 months. A conviction at trial would have also resulted in a restricted guideline of 120 months. Therefore, counsel concluded that the plea would not affect the restricted guideline sentence. Counsel suggested that Gonzalez might be receptive to a plea agreement that did not include the multiple offender bill of information.

The government denied Gonzalez's allegation that it offered him a 120-month plea agreement. The government asserted before the district court that the AUSA and DEA Special Agent assigned to the case met with Gonzalez and his counsel before trial, and explained the possible consequences that Gonzalez faced if he went to trial. The government asserted that it proposed to Gonzalez that if he pleaded guilty to the one-count indictment and agreed to cooperate fully, then it would not file a "double" multiple offender bill of information pursuant to § 851 based on his two prior convictions for controlled substance offenses. The government had already filed a bill of information pursuant to § 851 on April 25, 2007, based on one of his prior controlled substance convictions. The government claimed that it noted the career offender enhancement pursuant to § 4B1.1 would still apply. The government further alleged that Gonzalez's counsel acknowledged that these representations were accurate, and after receiving a complete explanation of the possible consequences of rejecting the plea offer, Gonzalez spoke with his attorney and rejected the offer. The government's allegations were supported by an affidavit of the DEA Agent.

Gonzalez objected to the DEA Agent's affidavit and stated to the district

---

[2] *See Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974).

court that the record would show that he never met with the DEA Agent or the AUSA to discuss the plea proposal. Gonzalez also denied that he rejected the plea offer after a full explanation of the consequences. Gonzalez referenced "Counsel's letter attached herein," meaning the April 24, 2007, letter written by his trial counsel to the AUSA. Although Gonzalez stated that he attached the letter, it was not in the district court record. The referenced *Bryan* letter was also missing from the district court record.

The district court denied Gonzalez's § 2255 motion without an evidentiary hearing. The district court concluded that the record demonstrated counsel's effective assistance. The district court found that the DEA Agent's affidavit "effectively refute[d] [Gonzalez's] claims that his counsel did not effectively advise him of the plea offer made by the [g]overment or the likely consequences of his sentence if he was found guilty at trial." The district court noted that Gonzalez had furnished no affidavits to support his "self-serving, conclusory claims." It further stated that the DEA Agent's affidavit "clearly undercut[] [Gonzalez's] claim that his rejection of the plea offer was un-counseled."

Gonzalez filed a timely notice of appeal, and we granted a certificate of appealability (COA) on the issue of whether the district court erred in denying Gonzalez relief on his ineffective assistance of counsel claim without conducting an evidentiary hearing. On appeal, the government supplemented the record with the initial proposed plea agreement and the factual basis transmitted to Gonzalez's counsel on April 23, 2007. The record, as supplemented, shows that the government never offered Gonzalez a plea agreement of 120 months. Rather, the proposed plea agreement provided that, in exchange for a guilty plea to one count of the indictment, a guilty plea to a one-count superseding bill of information charging Gonzalez with having one prior felony drug conviction, and Gonzalez's cooperation, the government would not charge him with other narcotics offenses. The proposed plea agreement clearly stated that Gonzalez faced a mandatory minimum of ten years and a maximum of life imprisonment

pursuant to 21 U.S.C. §§ 841 and 851.

## II.

A district court may deny a § 2255 motion without holding an evidentiary hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). We have held that "contested fact issues [in a § 2255 case] ordinarily may not be decided on affidavits alone, unless the affidavits are supported by other evidence in the record." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). We review the district court's denial of a § 2255 motion without holding an evidentiary hearing for abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Under the two-prong test the Supreme Court set forth in *Strickland v. Washington*, a petitioner alleging ineffective assistance of counsel must show: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After we granted a COA, the Supreme Court issued two opinions clarifying the applicability of the Sixth Amendment right to effective assistance of counsel to the plea bargaining process. *See Lafler v. Cooper*, - - - U.S. - - - -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Missouri v. Frye*, - - - U.S. - - - -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). In *Lafler*, the Court affirmed that the *Strickland* test applies to ineffective assistance of counsel claims when counsel's ineffective advice causes a defendant to reject a favorable plea offer, and the defendant is subjected to a less favorable outcome in further trial proceedings. 132 S.Ct. at 1383. In *Frye*, the companion case, the Court affirmed that the *Strickland* test applies to ineffective assistance of counsel claims arising from counsel's failure to communicate a plea offer before it expires. 132 S.Ct. at 1408-10.

In light of *Lafler* and *Frye,* we conclude that Gonzalez's unsworn

allegations, in addition to his counsel's letter attached to the § 2255 motion that Gonzalez did not sign under penalty of perjury, are insufficient to create a factual issue regarding whether Gonzalez was denied his constitutional right to effective assistance of counsel. The record does not contain independent indicia of the likely merit of Gonzalez's unsworn allegations that counsel failed to inform him of any plea offer or to provide him with accurate advice regarding his sentencing exposure. *See United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992) (affirming that a defendant's unsworn allegations do not bear sufficient indicia of reliability to be considered by the court). Gonzalez's unsworn allegations cannot overcome the DEA Agent's sworn affidavit and other evidence proffered by the government.

Moreover, the supplemented record conclusively establishes that Gonzalez is not entitled to relief. On appeal, the government submitted conclusive evidence that a plea offer of 120 months never existed. The government also filed an enhancement pursuant to § 851 on April 25, 2007, the day after Gonzalez's counsel rejected the initial plea offer, based on one of his prior controlled substance convictions. The record contains no evidence that the government offered to retract this original § 851 enhancement during later plea negotiations. As a consequence of the originally filed § 851 enhancement, Gonzalez cannot establish that his sentencing exposure would have been different if he had pleaded guilty or proceeded to trial. Therefore, Gonzalez cannot show that the district court abused its discretion in denying his § 2255 motion without holding an evidentiary hearing in regard to his ineffective assistance of counsel claim.

## III.

For the foregoing reasons, the district court's denial of Gonzalez's § 2255 motion without an evidentiary hearing is AFFIRMED.