# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30258

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2017

Lyle W. Cayce
Clerk

MATT BANKS,

      Petitioner - Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

      Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC 3:14-CV-2554

Before STEWART, Chief Judge, and KING and JONES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Matt Banks, Louisiana prisoner #116002, was convicted by a jury of two counts of second degree murder and was sentenced to two consecutive life terms of imprisonment. His convictions and sentences were affirmed on appeal. *State v. Banks*, 86 So. 3d 56 (La. App. 2d 1/25/12). After failing to obtain state habeas relief, Banks filed a 28 U.S.C. § 2254 petition challenging his convictions and sentences. The district court denied Banks's petition and denied a certificate of appealability ("COA"). This court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30258

granted Banks a COA on the sole issue of whether the district court erred in denying relief on Banks's claim that his trial counsel rendered ineffective assistance by failing to inform him of two plea deals offered by the district attorney. This appeal ensued. For the following reasons, we VACATE and REMAND for further proceedings.

## I.    Background

In the state habeas proceedings, Banks argued that his trial counsel never informed him of two plea offers made by the district attorney and never discussed the possibility of a conditional plea agreement. The district attorney communicated the first offer in a letter dated March 23, 2010:

> I am willing to allow Matt Banks to plea to 2 counts of manslaughter with a 15 year cap. Both sentences can run concurrent. This offer will remain open until April 15. If I have to go through the process of exhuming the bodies in order to present this matter for trial, then all offers are off.

The following year, in a second letter dated January 21, 2011, the district attorney again contacted defense counsel and warned,

> In preparation for the trial, I am arranging for the bodies to be exhumed next week . . . . [Once] the bodies are exhumed, I will no longer offer Mr. Banks the original plea offer of manslaughter with a 10 year cap. He might want to consider the offer carefully before it is gone.

A week later, on January 28, 2011, the bodies of the two victims were exhumed and the record contains nothing further with respect to these two plea offers in terms of communication between the district attorney and Banks's trial counsel. According to Banks, after he was convicted and sentenced, he requested a copy of his file from his trial attorney. Banks's attorney sent him a copy of his entire file on June 4, 2012. Banks claims that it was at this time that he first discovered the two letters from the district attorney containing the plea offers.

No. 15-30258

Banks contended in the state habeas proceedings that although he was "actually innocent of the crimes charged, when faced with the possibility of two consecutive life sentences . . . counsel should have at least met with [him] to discuss the possibility of avoiding a trial." No affidavit was submitted by trial counsel in response to Banks's claims, no evidentiary hearing was held, and no finding was made by the state court regarding whether trial counsel in fact informed Banks of the plea offers evidenced by the letters from the district attorney to defense counsel. Instead, in its 2013 Ruling on Application for Post-Conviction Relief and Related Motions, the state court explained:

> [Banks] claims he only recently learned of the offers but does not specify when or how he obtained the letters. Throughout these proceedings [Banks] has asserted his innocence of the murders. Thus, there is no reason to believe he would have agreed to plead guilty, even to a reduced charge. His trial counsel is an experienced and well-respected trial attorney with a reputation in the legal community for zealously fighting for his clients, and he did so in this case. He had no reason to withhold these offers from [Banks].

The state court then summarily denied all of Banks's ineffective assistance of counsel claims[1] on the ground that he could not establish that his counsel's performance was deficient or that he was prejudiced by any alleged deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The magistrate judge ("MJ") considered on the record Banks's ineffective assistance claim involving his counsel's purported failure to communicate the two plea offers, also without holding an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (noting that a federal district court's review of a § 2254 petition is limited to the record that was before the state

---

[1] Banks brought several other ineffective assistance of counsel claims before the state court, none of which are at issue on appeal.

3

No. 15-30258

court that adjudicated the claim on the merits). The MJ noted that the state court record did not indicate whether counsel communicated the offers to Banks but declined to predict whether Banks would have pleaded guilty if he had been aware of the offers. The MJ further observed that, when review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "review of the state court's resolution of the ineffective assistance of counsel claim is 'doubly deferential' . . . since the question is 'whether the state court's application of the *Strickland* standard was unreasonable.'" *See Pinholster*, 563 U.S. at 190; *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Under this analysis the MJ reasoned that the issue on review was not whether Banks could show prejudice but whether the state court's determination that Banks suffered no prejudice was unreasonable. The MJ ultimately concluded, "Considering [Banks's] resolute proclamations of innocence at sentencing, throughout the state court proceedings, and in the instant proceeding, the trial court's decision to reject [Banks's] claim on the basis that he did not suffer prejudice was not unreasonable." Agreeing with the Report and Recommendation of the MJ, the district court denied Banks's § 2254 petition. Concluding that reasonable jurists could debate the correctness of that determination, we granted Banks a COA on the issue of ineffective assistance of counsel with respect to the failure to communicate the two plea offers, and this appeal followed. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.    Discussion

On appeal, proceeding pro se and in forma pauperis, Banks argues that the state habeas court's adjudication of his claim was an unreasonable application of *Strickland* in light of *Missouri v. Frye*, 566 U.S. 133 (2012). Banks does not refute that he maintained his innocence during the proceedings below but contends that the trial court should not have assumed that he would not have accepted either of the deals, given that they were for far less than the

two consecutive life sentences he received.  The State's brief does not contain a substantive discussion of the district court's resolution of Banks's § 2254 claim and does not address Banks's argument on appeal.

Here, the issue before us is whether the state court's adjudication of Banks's ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1) & (2); *see Harrington*, 562 U.S. at 103 (holding that under AEDPA, a claim that a state court has denied on the merits "is barred in federal court unless one of the exceptions to § 2254(d) set out in §§ 2254(d)(1) and (2) applies").  To prevail on an ineffective assistance claim under *Strickland*, a petitioner (1) "must show that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [him]."  466 U.S. at 687.  A failure to establish either prong is fatal to the claim.  *Id.*  When *Strickland* and § 2254(d) are applied in tandem, the standard of review is "doubly deferential."   *Pinholster*, 563 U.S. at 190 ("We take a 'highly deferential' look at counsel's performance*, Strickland, supra*, . . . through the 'deferential lens of § 2254(d)'. . . [.] [The defendant here] must demonstrate that it was necessarily unreasonable for the [State] Supreme Court to conclude: (1) that [the defendant's attorney] had not overcome the strong presumption of competence; and (2) that he had failed to undermine confidence in the jury's sentence of death." (internal citations omitted)).  It is pertinent to note that, under *Pinholster*, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 202.  The question is not whether the court of appeals might have reached a different conclusion but whether the courts below unreasonably applied Supreme Court precedent in declining to conclude that counsel's performance established prejudice.  *Id.* at 202–03.

No. 15-30258

"It is well established that a criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to 'the negotiation of a plea bargain,' as it 'is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Scribner*, 832 F.3d 252, 257–58 (5th Cir. 2016) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). Accordingly, the *Strickland* test applies to Banks's claim that his counsel was ineffective in failing to communicate the two plea offers. *See Frye*, 566 U.S. at 145 ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). To establish that prejudice resulted from counsel's failure to communicate an offer, which is at issue here, a habeas petitioner must demonstrate a reasonable probability that, but for counsel's ineffective advice, a plea would actually have been presented to the court; the court would have accepted the terms of the plea; and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

Under this circuit's precedent, a defendant can make a showing of the denial of a constitutional right regarding his claim that counsel was ineffective for failing to communicate a plea offer. *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995) (agreeing "that failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel"). The state court's factual finding that Banks would not have taken a plea deal if one had been conveyed to him rested only on the court's observation that Banks had persisted in his claims of innocence throughout the proceedings.

The Supreme Court, however, has held that a defendant's repeated declarations of innocence do not prove that he would not have accepted a guilty plea because "(r)easons other than the fact that he is guilty may induce a

No. 15-30258

defendant to so plead." *North Carolina v. Alford*, 400 U.S. 25, 33 (1970).  In *Alford*, the Supreme Court noted the inherent conflict when a defendant claims he is innocent yet nevertheless desires to accept a plea deal but went on to observe that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id*. at 32.  Significantly, the Supreme Court pointed out that it could not "perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when . . . the record before the judge contains strong evidence of actual guilt." *Id*.[2]

Here, although Banks continued to attest to his innocence during the state court proceedings, he urges that it would have been in his best interests to accept either of the district attorney's plea deals, given that they were for far less prison time than the two consecutive life sentences he received.  The record reflects that, had Banks accepted the plea offer with the 10-year capped sentence, he would be released in less than four years from now, in the spring of 2021.

---

[2] Other courts have also held that a defendant's declarations of innocence do not establish that he would have not have accepted a guilty plea and do not prevent a defendant from proving *Strickland* prejudice.  *See, e.g., Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003) (["The defendant's] repeated declarations of innocence do not prove, as the government claims, that he would not have accepted a guilty plea. Defendants must claim innocence right up to the point of accepting a guilty plea, or they would lose their ability to make any deal with the government . . . [.] It therefore does not make sense to say that a defendant's protestations of innocence belie his later claim that he would have accepted a guilty plea. Furthermore, a defendant must be entitled to maintain his innocence throughout trial under the Fifth Amendment." (internal citations omitted)); *see also Lalani v. United States*, 315 F. App'x 858, 861 (11th Cir. 2009) (per curiam) (unpublished) (agreeing with the Sixth Circuit's analysis in *Griffin*).

Nevertheless, the record before us does not conclusively indicate whether Banks's trial counsel actually communicated either of the two plea offers to Banks.  The record is devoid of any further information past the initial two plea offers from the district attorney.  There are no written correspondences, memos, or affidavits from defense counsel or any state agent attesting that the plea deals were communicated orally or in writing to Banks.  *See United States v. Gonzales*, 493 F. App'x 541, 544 (5th Cir. 2012) (per curiam) (unpublished) (holding that "[the defendant's] unsworn allegations cannot overcome the DEA Agent's sworn affidavit and other evidence proffered by the government" that counsel informed him of the plea offer).  Moreover, neither the state court, nor the district court, concluded that an evidentiary hearing was warranted to determine whether Banks's trial counsel had in fact communicated either of the plea offers to Banks.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").  Additionally, the lower courts' proffered reasons for denying habeas relief, *i.e.*, Banks's continued claims of innocence, even when viewed through the "doubly deferential" lens afforded under *Strickland* and AEDPA, appear to be in conflict with the Supreme Court's analysis in *Alford*.  400 U.S. at 33 (noting that "(r)easons other than the fact that he is guilty may induce a defendant to so plead").

Accordingly, given the underdeveloped record before us, and the state and district courts' reasons for denying relief without a hearing, we conclude that an evidentiary hearing on the issue is warranted.  *See Rapelje v. McClellan*, 134 S. Ct. 399, 400 (2013) ("A federal evidentiary hearing is permissible for a particular claim only if, among other requirements, the claim was not adjudicated on the merits by a state court." (internal quotation marks omitted)); *see also Arvelo v. Sec'y, Fla. Dep't of Corrs.*, 788 F.3d 1345, 1348 (11th

No. 15-30258

Cir. 2015) ("If the state court decision was contrary to clearly established federal law, the federal courts are not necessarily limited to the state court record; instead, we may hold an evidentiary hearing and consider new evidence.").

In light of the lack of adequate record evidence before us, however, we can offer no opinion on the merits of Banks's ineffective assistance of counsel claim.

## III.   Conclusion

For the foregoing reasons, we VACATE and REMAND for further proceedings consistent with this opinion.