# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2012

Lyle W. Cayce
Clerk

No. 11-10464
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD RAYMOND SCRIBNER, II,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-233-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Donald Raymond Scribner, II, was convicted following a jury trial of aiding and abetting the possession with intent to distribute marijuana. Scribner was sentenced to 210 months of imprisonment and to three years of supervised release. He contends that there was insufficient evidence to convict him because the Government failed to present any evidence that he actually or constructively possessed the marijuana and shared the intent to distribute it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10464

Because Scribner preserved his sufficiency argument for appeal, this court reviews the issue de novo. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009). "To sustain a conviction for possession of marijuana with intent to distribute, the [G]overnment must prove beyond a reasonable doubt (1) knowing (2) possession of marijuana (3) with intent to distribute it." *United States v. Ricardo*, 472 F.3d 277, 282-83 (5th Cir. 2006) (internal quotation marks and citation omitted). To prove aiding and abetting, the Government must establish that the defendant "(1) associated with the criminal venture; (2) purposefully participated in the crime; and (3) sought by his actions for it to succeed." *United States v. Pando Franco,* 503 F.3d 389, 394 (5th Cir. 2007).

Scribner was discovered by authorities in the process of dismantling a marijuana grow house in an effort to avoid police detection. A large amount of marijuana and grow equipment were found in the house, which Scribner possessed a key to in his wallet. This evidence is sufficient to show that Scribner had constructive possession of the marijuana in the grow house. *See United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998). Further, Scribner acknowledged that he had been hired to dismantle the grow house and move the contents via a U-haul truck to another location. He further acknowledged to dismantling another grow house belonging to the same organization days before his arrest. Scribner admitted to knowing that the organization was involved in the distribution of marijuana and that it consisted of several grow houses. This evidence and the reasonable inferences therefrom support a finding that Scribner knew a marijuana distribution operation was occurring, that he associated himself with the operation, that he participated in it with a desire that it be accomplished, and that he committed an overt act designed to make it succeed. *See Pando Franco,* 503 F.3d at 394*; United States v. Martinez*, 555 F.2d 1269, 1272 (5th Cir. 1977). Thus, a rational trier of fact could have found Scribner guilty beyond a reasonable doubt. *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). Accordingly, his conviction is AFFIRMED.