# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11031

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DONALD RAYMOND SCRIBNER, II,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:

Defendant–Appellant Donald Raymond Scribner, II, filed a federal habeas petition under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence on the ground that his trial counsel rendered ineffective assistance. Scribner asserted that his trial counsel failed to notify him of a sentencing enhancement that ultimately increased his sentence. Scribner argued that, but for this failure, he would have accepted a plea agreement with the government and received a reduced sentence. A magistrate judge held an evidentiary hearing on Scribner's petition and, after hearing testimony, issued a report recommending relief as to this claim. The district court, however, declined to accept the magistrate judge's recommendation and denied

No. 14-11031

Scribner's § 2255 petition, holding that Scribner was not prejudiced by any ineffective assistance. Because the district court rejected the magistrate judge's credibility findings, made after an evidentiary hearing, in holding that Scribner was not prejudiced by counsel's ineffective assistance without holding its own evidentiary hearing, we VACATE the district court's judgment and REMAND this case for the district court to conduct its own evidentiary hearing or to accept and draw the appropriate inferences from the magistrate judge's credibility findings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This § 2255 habeas petition by Defendant–Appellant Donald Raymond Scribner, II, arises from his conviction for possession with intent to distribute 50 or more marijuana plants. On July 20, 2010, officers of the Rowlett and Sasche Police Departments executed a search warrant for a residence in Sasche, Texas, on suspicion that the residence was related to a marijuana growing operation. Therein, officers arrested Scribner and two other suspects and seized 79 marijuana plants as well as equipment indicating the presence of a marijuana growing operation on the premises. Following his arrest, Scribner was indicted on August 17, 2010, on two counts of a three count indictment against him and others. Count One of the indictment charged Scribner with conspiracy to manufacture and possess with the intent to distribute 100 or more plants of marijuana. And Count Three charged Scribner, along with his co-defendants, with aiding and abetting the possession of 50 marijuana plants with the intent to distribute.

Scribner was assigned a Federal Public Defender who, after reviewing discovery and estimating the advisory sentencing range under the United States Sentencing Guidelines (U.S.S.G.), incorrectly advised Scribner that he would receive a guideline range of 37 to 46 months if he was found guilty at trial or a range of 30 to 37 months if he entered a guilty plea. As Scribner's

trial counsel later admitted, she did not realize that the Career Offender Guideline, U.S.S.G. § 4B1.1, applied to Scribner. Based on that Guideline, Scribner faced an advisory sentencing range of 210 to 262 months if he lost at trial and potentially a guideline range of 151 to 188 months if he pleaded guilty with a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The government, for its part, forwarded plea documents to Scribner's trial counsel who shared them with Scribner. Under the government's plea deal, Scribner would have been required to plead guilty to both charged counts and to waive his appellate rights. Scribner rejected the plea deal and proceeded to a jury trial, asserting actual innocence of the offenses charged. On January 12, 2011, a jury found Scribner not guilty on Count One of the indictment but guilty as to Count Three. In line with the recommendations in the Presentence Report (PSR) submitted to the court,[1] the district court sentenced Scribner on April 28, 2011 to 210 months in prison with three years of supervised release. Scribner appealed his conviction, challenging the sufficiency of the evidence, and we affirmed on May 4, 2012. *See United States v. Scribner*, 469 F. App'x 384, 386 (5th Cir. 2012) (per curiam) (unpublished).

Scribner filed the instant 28 U.S.C. § 2255 habeas petition pro se on March 18, 2013, seeking to vacate, set aside, or correct his sentence. Scribner attacked his sentence on the ground that his trial counsel had rendered ineffective assistance.[2] Scribner alleged that his trial counsel had never

---

[1] The PSR calculated Scribner's Base Offense Level at 32, adding up the score for Scribner's offense of conviction and the Career Offender Enhancement he received as a result of his previous convictions. The PSR noted that, because Scribner did not plead guilty and was found guilty by a jury, he could not receive a reduction for acceptance of responsibility. As the recommended Guideline Imprisonment Range of 210 to 262 months exceeded the statutorily authorized maximum sentence of 240 months, the PSR set the Guideline Imprisonment Range at 210 to 240 months.

[2] In his § 2255 petition, Scribner raised two grounds for relief based on ineffective assistance of counsel. The first ground, as relevant to this appeal and recounted herein, related to counsel's failure correctly to advise him of the sentencing range. The second ground

advised him that he would receive a sentencing enhancement under the Career Offender Enhancement and incorrectly advised him of his sentencing range. Scribner further alleged that, had he been advised of his actual sentencing range of 210 to 240 months, he would have pleaded guilty and have been eligible for an acceptance of responsibility reduction. In its response to Scribner's petition, the government noted that the conduct alleged by Scribner in his first ground for relief "likely constitute[d] deficient performance," but disputed whether there was prejudice for an ineffective assistance claim given Scribner's previous refusals to admit guilt and claim of actual innocence at trial. The government recommended an evidentiary hearing on Scribner's claims, and the magistrate judge granted a hearing.

On June 25, 2014, the evidentiary hearing was held before the magistrate judge. At the hearing, Scribner's trial counsel testified that she had misadvised Scribner as to the sentencing range but also testified that Scribner's claim of actual innocence drove the decision to go to trial. Scribner also testified at the hearing. In response to questions regarding whether or not he maintained his innocence, Scribner stated that he believed "[his] definition of being guilty and maybe the law's definition of guilty [we]re different." In particular, while he admitted to tearing down the marijuana growing operation, he denied having an intent to distribute marijuana. But Scribner testified that, while he had maintained his innocence to his lawyer up to trial, his assertion of innocence was based on his own view of the law at the time and answered "Yes" when asked if he believed that he was guilty of possession with intent to distribute as an aider and abettor. Scribner added

---

related to counsel's failure to object to the Career Offender Enhancement. The magistrate judge and the district court both denied Scribner relief on the second ground, and we only granted a certificate of appealability as to the first ground. We therefore do not address or further discuss the second ground for relief Scribner originally raised in his § 2255 petition.

that had he known about the Career Offender Enhancement, he would have pleaded guilty.

The magistrate judge issued her findings, conclusions, and recommendation as to Scribner's § 2255 petition on July 2, 2014. Recounting the facts adduced at the hearing and on the record, the magistrate judge recommended that relief be granted to Scribner and that the judgment in his criminal trial be vacated. The magistrate judge noted that both parties conceded that Scribner's trial counsel had rendered deficient performance. As to prejudice, the magistrate judge analyzed three factors: whether Scribner would have accepted the plea offer before it was withdrawn by the government, whether the district court would have accepted the terms of the offer, and whether Scribner would have received a lesser sentence had he accepted the plea. Because Scribner's co-defendants had pleaded guilty to Count Three and the district court had accepted their pleas, the court found no dispute that the district court would have accepted a guilty plea from Scribner. It also found no dispute between the parties that Scribner's sentence would have been less severe had he pleaded guilty under an acceptance of responsibility reduction. Instead, the magistrate judge stated that the issue was whether Scribner would have accepted the guilty plea. Repeating the government's argument that Scribner maintained his innocence throughout trial, the magistrate judge noted that Scribner did admit his role in dismantling the marijuana growing operation. The magistrate judge also noted that Scribner testified that part of his decision to plead not guilty was greatly influenced by the low estimated guidelines range he had been advised of by counsel. The magistrate judge ultimately found Scribner's testimony at the evidentiary hearing credible, found that he would have pleaded guilty, and concluded that he had met his burden to show prejudice for an ineffective assistance claim.

No. 14-11031

The district court did not hold a separate evidentiary hearing on Scribner's petition but issued its order and final judgment on August 28, 2014, denying Scribner's § 2255 petition. The district court declined to accept the magistrate judge's finding that Scribner should be granted relief. Nonetheless, it accepted and adopted the magistrate judge's findings and recommendations in all other respects. In evaluating whether Scribner was prejudiced by his trial counsel's advice, the district court accepted the magistrate judge's analysis of the first factor as to prejudice—whether Scribner would have accepted the plea—stating that it declined to disturb the magistrate judge's credibility determination that Scribner would have pleaded guilty.[3] However, as to the other two factors, the district court held that Scribner failed to show prejudice because there was not a reasonable probability, based on the record of Scribner's trial and his evidentiary hearing, that the sentencing court would have accepted his guilty plea or that his sentence would have been less severe. As to the second factor—whether the court would have accepted the plea—the district court concluded that the record in the case "disclose[d] nothing other than [Scribner]'s dogged insistence of innocence." According to the district court, "[Scribner] continued to vacillate about whether he was in fact guilty" in his testimony at the evidentiary hearing and, in context of this testimony, the district court "conclude[d] that [Scribner] would not have admitted the factual basis necessary to support a plea of guilty" and that a court would not have accepted the terms of the plea. As to the third factor—whether Scribner's sentence would have been less severe—the district court again asserted that the record evidence demonstrated that Scribner had not accepted responsibility for his offense and would not have received a reduction for

---

[3] The district court, however, suggested that it independently could not "conclude that [Scribner] would have accepted a plea agreement."

acceptance of responsibility.  In particular, the district court noted that at the hearing "[Scribner] d[id] not appear convinced [that] he [was] guilty," and that Scribner had not "engaged in any conduct consistent with acceptance of responsibility" after conviction and before sentencing.  Scribner requested a certificate of appealability (COA) to appeal the denial of his § 2255 petition, and we granted a COA as to this ineffective assistance claim.

## II. STANDARD OF REVIEW

"Following [a] district court's denial of a § 2255 motion, we review [a] district court's mixed factual and legal conclusions with regard to ineffective assistance of counsel *de novo*." *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007).  "We review § 2255 findings of fact for clear error." *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005).  Under this standard, we also defer to a district court's findings unless clearly erroneous even where the district court adopts the fact findings of a magistrate judge who conducted an evidentiary hearing.  *McInerney v. Pluckett*, 919 F.2d 350, 352 (5th Cir. 1990); *see also United States v. Gibbs*, 421 F.3d 352, 257 (5th Cir. 2005) ("[W]e defer to the district court's acceptance of the magistrate judge's credibility recommendations, based on his having heard live testimony.").  However, "[w]here the district judge makes material credibility choices *at variance* with those of the magistrate, the judge must, at least in certain cases, have a hearing at which he or she personally hears the testimony." *Garcia v. Boldin*, 691 F.2d 1172, 1179 n.13 (5th Cir. 1982) (citing *Louis v. Blackburn*, 630 F.2d 1105 (5th Cir. 1980)).

## III. THE DISTRICT COURT'S PREJUDICE DETERMINATION

On appeal, our review is limited to the issue as to which we granted a COA, namely whether Scribner's trial counsel rendered ineffective assistance by failing to advise him of the Career Offender Enhancement and whether Scribner was prejudiced by this failure.  *Lackey v. Johnson*, 116 F.3d 149, 151

(5th Cir. 1997). In evaluating ineffective assistance claims, we look to the framework established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on an ineffective assistance claim under the *Strickland* standard, a petitioner (1) "must show that counsel's performance was deficient," and (2) "must show that the deficient performance prejudiced [him]." *Id.* It is well established that a criminal defendant's right to effective assistance of counsel under the Sixth Amendment extends not just to trial or sentencing but to "the negotiation of a plea bargain," as it "is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). As such, "[w]hen considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *United States v. Rivas-Lopez*, 678 F.3d 353, 356–57 (5th Cir. 2012). And "[w]here a defendant persists in a plea of not guilty, counsel's failure to properly inform him about potential sentencing exposure may constitute ineffective assistance." *Id.* at 357.

Once a petitioner shows that counsel rendered deficient performance in failing to properly advise him of his sentencing exposure in accepting a plea, the petitioner must show that he was prejudiced by this failure under prong two of the *Strickland* standard. To demonstrate prejudice in such circumstances, a petitioner must show that

> but for the ineffective advice of counsel there is a reasonable probability [(1)] that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [(2)] that the court would have accepted its terms, and [(3)] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). The magistrate judge, in her recommendation, concluded that all three requirements under *Lafler* had been met. However, the district court declined to accept this recommendation and made factual findings that Scribner failed to demonstrate a reasonable probability that his plea would have been accepted or that he would have received a reduction for acceptance of responsibility in light of his "dogged insistence of innocence."

Neither party in this case disputes that Scribner's trial counsel rendered deficient performance under prong one of *Strickland* when counsel failed to advise Scribner of the Career Offender Enhancement. Instead, at issue is whether the district court erred in finding, under the prejudice prong, that Scribner's plea would not have been accepted by the sentencing court and that he would not have received a lesser sentence had he pleaded guilty. While we would generally review the district court's factual findings as to these *Lafler* factors for clear error, the district court implicitly rejected the magistrate judge's credibility determinations, made after an evidentiary hearing, on these factors.[4] Because the district court did so without holding its own evidentiary hearing, we must vacate and remand this case for further proceedings.

---

[4] Although there was some question at oral argument as to whether determinations on the individual *Lafler* factors involve questions of law or questions of fact, we previously noted that a defendant's decision to plead guilty, the acceptance of the plea, and whether the plea would result in a less severe sentence are findings of fact normally subject to clear error review. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004) ("Whether it is reasonably probable that [petitioner]'s decision to plead guilty would have been different had he been properly counseled as to his potential punishment is a question of fact. Such a determination should be left to the district court."); *see also id.* at 438–39 (noting that "further proceedings in front of the district court" were required in order to determine whether a petitioner would have received a reduced sentence from the district court had he accepted a guilty plea). Moreover, the Supreme Court's own opinion in *Lafler* strongly suggests that a district court makes factual determinations as to whether a petitioner has made out the three *Lafler* factors. *See Lafler*, 132 S. Ct. at 1391 (citing with approval the lower court's holding that the evidence demonstrated that the petitioner in that case would have pleaded guilty and received a lower sentence but for counsel's poor advice).

No. 14-11031

We have noted that "[u]nder the Federal Magistrate's Act [28 U.S.C. § 636], the district court may give to the magistrate judge's proposed findings of fact and recommendations '. . . such weight as [their] merit commands and the sound discretion of the [district court] judge warrants.'" *Tijerina v. Estelle*, 692 F.2d 3, 5 (5th Cir. 1982) (quoting *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).  However, we and other circuits have held that "in a situation involving the constitutional rights of a criminal defendant . . . the district judge should not enter an order inconsistent with the credibility choices made by the magistrate without personally hearing the live testimony of the witnesses whose testimony is determinative." *Louis*, 630 F.2d at 1109;  *see also Johnson v. Finn*, 665 F.3d 1063, 1074 (9th Cir. 2011) ("Taking the Supreme Court's various hints, the First, Second, Third, Fifth, and Eleventh Circuits have all held that a district judge may not reject the credibility finding of a magistrate judge without holding a new evidentiary hearing.").[5]

In such cases, where the "the district judge doubts the credibility determination of the magistrate, only by hearing the testimony himself does he have an adequate basis on which to base his decision." *Louis*, 630 F.2d at 1110.  This is because—under the Due Process Clause—"[i]n order to adequately determine the credibility of a witness as to such constitutional issues, the fact finder must observe the witness." *Id.*  A district court not only errs in this respect by expressly rejecting a magistrate judge's credibility findings but also by "accept[ing] the magistrate judge's decision . . . as to credibility, [but] then dr[awing] different inferences from" testimony found to

---

[5] As recounted in *Johnson*, a number of other circuits have followed this rule citing with approval and drawing from our opinion in *Louis*. *See United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010) (per curiam); *United States v. Hernandez-Rodriguez*, 443 F.3d 138, 148 (1st Cir. 2006); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999); *Hill v. Beyer*, 62 F.3d 474, 482 (3d Cir. 1995).  Moreover, "[n]o circuits appear to have rejected the rule in question." *Johnson*, 665 F.3d at 1074 n.5.

be credible. *Id.* at 1107. Thus, when a district court ultimately rejects a magistrate judge's credibility findings (made after an evidentiary hearing) explicitly or implicitly without holding its own hearing, we have held that remand is necessary so that the district court may either "accept[] the determination of the magistrate after reading the record, or . . . reject[] the magistrate's decision and com[e] to an independent decision after hearing the testimony and viewing the witnesses." *Id.* at 1110.[6]

Here, the district court stated that it was deferring to the magistrate judge's credibility determination—that Scribner was credible in his testimony—as to the first *Lafler* factor but, in fact, "implicitly rejected" this credibility determination in assessing the second and third *Lafler* factors.[7] *Id.* at 1108. As to the second factor, the district court concluded that the sentencing court would not have accepted any guilty plea because "[Scribner] would not have admitted the factual basis necessary to support a plea of guilty." The district court further added that "the record in this matter

---

[6] The government at oral argument suggested that our unpublished decision in *United States v. Moore*, 416 F. App'x 454, 461–62 (5th Cir. 2011) (per curiam) (unpublished), somehow suggests that the district court did not err in making factual findings that ran contrary to the magistrate judge's credibility determination without a hearing. *Moore* is inapposite to this case. *Moore* did not involve an instance where the district court rejected the credibility findings of a magistrate judge or where a hearing had been held in front of a magistrate judge. Furthermore, we expressly declined to review whether an evidentiary hearing was required by the district court in that case as the petitioner had not raised it in his COA. *Id.* at 462. We decline to review this issue today as well and limit ourselves to the particular factual circumstances—where a magistrate judge has held an evidentiary hearing and a district court has implicitly rejected the credibility determinations of that magistrate judge without holding its own hearing.

[7] Although the government argues that the credibility determination was immaterial to the district court's decision to deny relief on Scribner's ineffective assistance claim and Scribner's failure to prove the remaining two factors, the district court's reasoning makes clear that it based its conclusion on the other two factors—at least in part—on its doubts as to Scribner's acceptance of guilt. At the very least, the district court drew inferences from Scribner's testimony that it could not have drawn if it accepted that he was credible when he testified as to his guilt of aiding and abetting and his willingness to plead guilty. Our precedent does not allow for such contrary inferences where the district court does not hold its own hearing. *See Louis*, 630 F.2d at 1107.

disclose[d] nothing other than [Scribner]'s dogged insistence of innocence." These factual findings, however, run contrary to the magistrate judge's determination that Scribner's testimony was credible—testimony that included Scribner's admission of guilt to aiding and abetting and his statement that he would have pleaded guilty to Count Three if not for counsel's advice. Similarly, the district court's findings on the third *Lafler* factor implicitly rejected the magistrate judge's credibility determination. The district court concluded that Scribner would not have received an acceptance of responsibility reduction at sentencing, in part, because "at his § 2255 evidentiary hearing, [Scribner] maintained he was innocent of any intent to distribute" and "he d[id] not appear convinced [that] he [wa]s guilty." But these findings contradict the magistrate judge's determination that Scribner was credible when he testified that he believed that he was guilty of Count Three and that he would have pleaded guilty.

Because the district court's factual findings on the second and third *Lafler* factors implicitly rejected the magistrate judge's finding that Scribner's testimony was credible, we must vacate the district court's judgment and remand to the district court for further proceedings. The district court is free on remand to accept and draw the appropriate inferences from the magistrate judge's credibility determination in deciding the merits of Scribner's § 2255 petition without holding a hearing, or in the alternative, the district court may reject the magistrate judge's credibility determination and come to its own conclusions after holding a hearing on Scribner's § 2255 petition.

## IV. CONCLUSION

We VACATE the district court's judgment and REMAND this case for further proceedings consistent with this opinion.