# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40956
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

REYNA OSORIO MARTINEZ, Also Known as Reyna Osorio De Vasquez,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:14-CV-89

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Reyna Osorio Martinez, federal prisoner #89290-279, was convicted of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, possession with intent to distribute more than 50 grams of methamphetamine, conspiracy to import more than 50 grams of methamphetamine, and importation of more than 50 grams of methamphetamine. She filed a 28 U.S.C. § 2255 motion alleging that trial counsel was ineffective in various respects. The district court denied that motion on the merits. This court granted a certificate of appealability on whether trial counsel was ineffective for failing to interview Osorio Martinez's children and call them as witnesses.

For claims of ineffective assistance of counsel, we review the district court's mixed factual and legal conclusions *de novo* and its factual findings for clear error. *United States v. Scribner*, 832 F.3d 252, 257 (5th Cir. 2016). To establish ineffective assistance, Osorio Martinez must show that counsel performed deficiently and that she was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To prevail on her claim that counsel was ineffective for failure to call a witness, Osorio Martinez "must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (internal quotation marks and citation omitted).

In the district court, Osorio Martinez failed to establish that two of her daughters were available and willing to testify, *see Gray v. Epps*, 616 F.3d 436, 443 (5th Cir. 2010), or that her children's testimony would have been favorable to her defense. *See Fields*, 761 F.3d at 461. Their testimony lacked specificity and detail regarding Osorio Martinez's past visits to the United States and at

most established that she made brief, sporadic, and unannounced visits to her children, which does not contradict the government's evidence that she did not spend much time with her family on these trips.

It is not evident that showing that the driver of the vehicle, who testified for the government, was lying about one of Osorio Martinez's daughter's coming to pick her up would have measurably affected the driver's credibility, given the other evidence of the driver's inconsistent statements and attempted escape from jail. Other portions of Osorio Martinez's children's testimony tended to support, rather than undermine, the government's case, including the facts that her son Pedro would pick her up after she crossed the border and that he drove an older pickup truck.

Because Osorio Martinez does not show a reasonable probability that the result of her trial would have been different if her children's testimony had been introduced, she cannot demonstrate that trial counsel provided ineffective assistance by failing to call them as witnesses. *See Washington*, 466 U.S. at 694; *Fields*, 761 F.3d at 461. The judgment is AFFIRMED.