# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

No. 22-40102

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Gabriel Cisneros,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CV-24

Before Davis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant, Juan Gabriel Cisneros, proceeding *pro se* and *informa pauperis*, appeals the denial of his 28 U.S.C. § 2255 motion for relief based on his claim of ineffective assistance of trial counsel. Cisneros contends that he received ineffective assistance when his attorney (1) failed to advise him of the possibility of a mandatory life sentence; and (2) advised him to reject a plea offer of twenty-years of imprisonment. Because Cisneros

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40102

has failed to show he was prejudiced by counsel's alleged misadvice, we AFFIRM.

## I.

In April 1995, Cisneros was indicted on three counts of possession with intent to distribute in excess of 100 kilograms of marijuana, one count of conspiracy to possess with intent to distribute in excess of 1,000 kilograms of marijuana, and one count of money laundering. Shortly before trial, the Government filed a 21 U.S.C. § 851 information, alleging that Cisneros had a prior federal felony drug offense and a prior Texas deferred adjudication case involving felony amounts of marijuana. At the time, the issue of whether a deferred adjudication counted as a prior conviction for purposes of a § 851 sentencing enhancement[1] was an open question in this circuit. *See United States v. Cisneros*, 112 F.3d 1272, 1275, 1280 (5th Cir. 1997). If the deferred adjudication counted as a prior felony conviction, Cisneros faced a mandatory life sentence upon conviction in the instant case. *See* § 851; *see also Cisneros*, 112 F.3d at 1280-82.

In June 1995, a jury convicted Cisneros on all three counts. At sentencing, the district court considered Cisneros's deferred adjudication as a prior felony conviction and sentenced him to a mandatory life sentence on the conspiracy count pursuant to former § 841(b)(1)(A). This court affirmed Cisneros's convictions on direct appeal and held for the first time that a deferred adjudication was a conviction for purposes of a § 851 enhancement. *Cisneros*, 112 F.3d at 1275, 1282.

---

[1] Under the former 21 U.S.C. § 841(b)(1)(A), a defendant who had two or more prior convictions for a felony drug offense faced a mandatory life sentence. To impose this enhancement, the Government had to follow the procedures laid out in 21 U.S.C. § 851, which included filing an information stating the previous convictions relied upon for the enhancement.

No. 22-40102

In 1996, Cisneros filed a *pro se* pleading styled as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). The district court construed it as a 28 U.S.C. § 2255 motion and denied it. Throughout the following years, Cisneros filed various § 2255 motions which both the district court and this court denied as successive.

In 2017, Cisneros filed a motion for authorization to file a successive § 2255 motion in this court. We held that because the district court failed to notify Cisneros of its intent to treat his 1996 postconviction motion as a § 2255 motion, the 1996 motion could not count as an initial § 2255 motion and could not be used as a bar to a successive § 2255 motion.[2] Accordingly, we concluded that Cisneros did not need leave of this court to file his proposed § 2255 motion.

In February 2018, Cisneros filed the instant § 2255 motion. As relevant here, Cisneros argued that his trial counsel, Rudolph Garza, was ineffective because he: (1) advised Cisneros to reject a possible plea bargain for twenty-years of imprisonment; and (2) failed to inform Cisneros of a possible mandatory life sentence pursuant to the Government's notice of enhancement under § 851. Cisneros asserted in his sworn declaration that if Garza had correctly informed him about the risks associated with proceeding to trial, he would have "jumped at the opportunity to plead to the Government's plea offer of 20 years."

---

[2] In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that when a district court recharacterizes a *pro se* pleading as an initial § 2255 motion it must first warn the defendant that such a recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the defendant the opportunity to withdraw or amend the motion to include all of his § 2255 claims. *Id.* at 377. If a district court fails to comply with these procedural requirements, the first motion will not be counted as a § 2255 motion for purposes of applying the "second or successive" restrictions of § 2255. *Id.*

No. 22-40102

A magistrate judge appointed counsel for Cisneros and ordered an evidentiary hearing.  At the evidentiary hearing, Cisneros testified that Garza informed him that the Government offered a plea bargain whereby Cisneros would plead guilty to the drug-conspiracy charge and cooperate truthfully, and, in exchange, the Government would not file an § 851 information and would make a recommendation for a sentence not to exceed twenty years. Cisneros stated that Garza advised him not to accept the plea offer because his deferred adjudication would not count as a prior conviction for purposes of § 851 and that Cisneros would receive about twenty years whether he pleaded guilty or went to trial.  He further testified that at no time did Garza inform him that, if he went to trial and lost, the § 851 information could result in a mandatory life sentence.  Finally, Cisneros testified that if Garza had properly advised him, he would have accepted the plea bargain because he would not have risked a mandatory life sentence.

Garza testified that he did not have any recollection of a possible plea agreement in which Cisneros would receive twenty-years of imprisonment. Nor did he recall discussions with Cisneros about pleading guilty, perhaps cooperating, and receiving a sentence of about twenty years.  In fact, Garza testified that he did not recall Cisneros ever expressing an interest in cooperating with the Government.  Garza described Cisneros as "somebody who would fight to defend himself" and who would not cooperate with the Government at the cost of his family members.  Garza further recalled that the Government was "fierce about wanting to try the case."  He also testified that it did not make sense that he would have told Cisneros that he was facing a twenty-year sentence regardless of whether he pleaded guilty or went to trial.

Regarding the § 851 information and Cisneros's sentencing exposure, Garza testified that he did not specifically recall having a conversation with Cisneros concerning the § 851 information prior to the start of trial, but that

it was his practice to discuss all important aspects of a case with his clients. Although he could not remember a specific conversation, Garza testified that because the § 851 enhancement would have been a basis for a mandatory life sentence it was "very significant," and something he would have "definitely" discussed with Cisneros. On cross-examination, Garza admitted that he did not recall telling Cisneros that he was facing a mandatory life sentence if the deferred adjudication counted as a prior conviction under § 841.

Garza also acknowledged that at the time of Cisneros's trial, this court had not decided whether a deferred adjudication was a conviction for purposes of an § 851 enhancement. On cross-examination, Garza testified that he did not believe that a deferred adjudication counted as a prior conviction under § 851, and that he would have informed Cisneros of that belief. However, due to the uncertainty of the deferred-adjudication issue, he never promised Cisneros "that there was no way that he would get life imprisonment." Finally, Garza testified that he "was alarmed" when he received Cisneros's presentence investigation report and saw that the deferred adjudication counted as a prior felony drug offense mandating a life sentence. Specifically, Garza noted that, at the time, he was not sure he knew the deferred adjudication "meant automatic life right off the bat."

Finally, Charles Lewis, the lead prosecutor in Cisneros's case, testified that he did not recall whether he extended a plea offer to Cisneros, but that he would not have offered a twenty-year plea bargain. Lewis testified that for Cisneros to get a reduction to that level would have required him to debrief, cooperate, and testify against his family members. In Lewis's estimation, a guilty plea would likely have exposed Cisneros to an imprisonment range of thirty-years to life. Lewis did not remember Garza ever telling him that Cisneros wanted to cooperate, debrief, and testify. As it pertained to the § 851 information, Lewis testified that at the time of

Cisneros's trial, he was not certain whether the deferred adjudication could be used to enhance Cisneros's sentence under § 841. Lewis did not recall whether the trial court addressed the enhancement with Cisneros prior to trial.

Following the evidentiary hearing, the magistrate judge issued a report recommending that Cisneros's § 2255 motion be denied. The magistrate judge first held that Cisneros timely raised his ineffective assistance of counsel claim in his April 1998 § 2255 motion. Based on the testimony at the evidentiary hearing, the magistrate judge went on to make the following factual findings: (1) Garza advised Cisneros that he faced a possible mandatory life sentence as a result of the § 851 enhancement, but that in Garza's legal opinion, the enhancement would not be applied because his deferred adjudication did not count as a prior conviction; (2) Cisneros's claim that the Government offered a twenty-year sentence was not credible; and (3) Cisneros's testimony that prior to trial he did not know what a § 851 enhancement was and never viewed the physical document was not credible because it conflicted with representations he made in prior habeas petitions. In light of these factual findings, the magistrate judge concluded that Garza was not constitutionally ineffective for giving Cisneros a legal opinion of how the court would resolve an unsettled legal issue. And, even if Garza's performance was deficient, Cisneros had not shown he was prejudiced by Garza's error because there was no contemporaneous evidence indicating that Cisneros had any interest in pleading guilty.

After reviewing Cisneros's *pro se* objections, the district court adopted the magistrate judge's report, denied Cisneros's § 2255 motion, and denied a certificate of appealability (COA). Cisneros timely appealed. This court granted Cisneros a COA "on the issue whether his trial counsel was ineffective because counsel did not advise him of the possibility of a mandatory life sentence and because counsel advised him to reject a plea

offer of 20 years, and whether the district court applied the incorrect standard for determining prejudice on this issue."

## II.

In the context of § 2255 petitions, we review a district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted). A claim of ineffective assistance of counsel is a mixed question of law and fact, reviewed *de novo*. *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009) (citation omitted). Credibility findings and "[a]ny subsidiary findings of basic, historical fact made by the district court after a § 2255 evidentiary hearing are subject to review under the clearly erroneous standard." *United States v. Molina-Uribe*, 429 F.3d 514, 518 & n.9 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole." *United States v. Aguilar-Alonzo*, 944 F.3d 544, 549 (5th Cir. 2019) (internal quotation marks and citation omitted). In general, "the clearly erroneous standard is particularly strong" where there was live testimony because the factfinder "had the opportunity to observe the demeanor of the witnesses." *United States v. Montes*, 602 F.3d 381, 384 (5th Cir. 2010) (citations omitted). The deference owed under the clearly erroneous standard applies "to a district court's findings . . . even where the district court adopts the fact findings of a magistrate judge who conducted an evidentiary hearing." *United States v. Scribner*, 832 F.3d 252, 257 (5th Cir. 2016) (per curiam) (citations omitted).

## III.

On appeal, Cisneros renews his argument that his trial counsel was ineffective because: (1) counsel did not advise him that a conviction on the drug-conspiracy count would expose him to a mandatory life sentence because of the § 851 information; and (2) counsel advised him to reject a plea

offer of twenty-years of imprisonment.  He further asserts that the district court incorrectly applied the prejudice standard in *Lee v. United States*, 582 U.S. 357 (2017), to his claims.  We consider Cisneros's two claims of ineffective assistance of trial counsel together because if counsel's advice on Cisneros's sentencing exposure in going to trial was deficient and prejudicial, then Cisneros would not have been able to make an informed decision on whether to accept or reject the Government's alleged plea offer.  *See United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012) ("When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." (citation omitted)).

"[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Id.* at 356 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010).  To raise a viable claim of ineffective assistance of counsel, a defendant must demonstrate both that his attorney's performance was deficient and that this substandard performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A habeas petitioner has the burden of proving both prongs of the *Strickland* test.  *Wong v. Belmontes*, 558 U.S. 15, 16 (2009) (per curiam).  "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."  *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam).

Because Cisneros has failed to meet his burden to show prejudice, we elect to decide this case solely on the prejudice prong of *Strickland*.  *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").  Therefore, we need not consider whether Garza's advice to Cisneros that it was unlikely he would face a life

sentence based on the § 851 enhancement was an informed belief that constituted effective assistance.

Under *Strickland*'s prejudice requirement, Cisneros "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Where, as here, a defendant alleges that counsel's deficient performance caused him to reject a plea offer, the *Strickland* prejudice standard requires the defendant to show a reasonable probability that: (1) but for counsel's ineffective advice "the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances;" (2) "the court would have accepted its terms;" and (3) the plea offer's "terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). A district court's finding on "[w]hether it is reasonably probable that [the petitioner]'s decision to plead guilty would have been different had he been properly counseled as to his potential punishment is a question of fact." *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

Here, the district court determined that the prejudice inquiry turned on whether Cisneros would have chosen to plead guilty because there was no basis to conclude that the court would not have accepted a plea and any plea that did not involve a mandatory life sentence would have resulted in a less severe sentence. In considering whether Cisneros would have chosen to plead guilty, the court cited *Lee v. United States* for the proposition that it must consider contemporaneous evidence to substantiate whether Cisneros would have pleaded guilty. In *Lee*, the Court formulated a prejudice test for determining whether a defendant would have gone to trial rather than accept

a plea offer, holding that judges should look to contemporaneous evidence rather than upset a plea based on *post hoc* assertions.  582 U.S. at 369.

However, the Supreme Court has made clear that accepted and rejected pleas arise in different contexts and thus require different prejudice tests.  *See Missouri v. Frye*, 566 U.S. 134, 147-49 (2012); *Lafler*, 566 U.S. at 168-74.  In light of *Lafler* and *Frye*, this court in *Anaya v. Lumpkin*, 976 F.3d 545 (5th Cir. 2020), held that *Lee*'s contemporaneous-evidence requirement did not apply to the distinct context of cases involving defendants who went to trial due to misadvice about a plea offer.  *See id.* at 555-56 ("So *Lee*'s requirement for contemporaneous evidence is simply irrelevant in th[e] context [of rejected pleas].").

In light of *Anaya*, both the Government and Cisneros assert that the district court erred in citing *Lee* for the proposition that contemporaneous evidence is required to substantiate a defendant's § 2255 affidavit in cases involving rejected pleas.  But, as pointed out by the Government, nothing in *Frye, Lafler*, or *Anaya* precludes a district court from considering contemporaneous evidence that the petitioner would in fact have rejected a plea agreement.  Indeed, in post-*Anaya* cases involving rejected pleas, this court has considered both contemporaneous and non-contemporaneous evidence in evaluating prejudice.[3]  The Government thus contends that the

---

[3] *See, e.g.*, *United States v. Minor*, No. 21-10200, 2022 WL 11776785, at *3-4 (Oct. 20, 2022) (per curiam) (unpublished) (relying on statements from the district court at the petitioner's sentencing to find that the petitioner could not show the court would have accepted his plea); *United States v. Cortez*, No. 21-50152, 2022 WL 3928521, at *3 (5th Cir. Aug. 31, 2022) (affirming the district court's holding that the petitioner had failed to make a substantial showing that "he would have taken the guilty plea but for any alleged defective performance," based, in part, on petitioner's testimony at a *Lafler* hearing before trial that he was "adequately informed to make an independent decision" to reject the plea agreement).  Unpublished opinions issued in or after 1996 are "not controlling precedent"

district court did not err in considering contemporaneous evidence and that because the court's analysis and ultimate conclusion were correct, reversal is not required.

In short, courts can consider contemporaneous evidence in determining whether a defendant would have accepted a plea agreement. In the present case, the district court did not rely solely on the absence of contemporaneous evidence in holding that Cisneros had failed to show he would have accepted a plea agreement but for Garza's alleged ineffective assistance. Instead, the court relied heavily on Garza's testimony at the evidentiary hearing to ultimately conclude that Cisneros's testimony was not credible.

Having resolved the correct prejudice standard here, we turn to the question of whether the district court's factual finding that Cisneros would not have pleaded guilty "is plausible in light of the record as a whole." *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (internal quotation marks and citation omitted). We find that it was.

First, the district court noted that it was skeptical of Cisneros's testimony at the evidentiary hearing that he would have pleaded guilty and "never" risked a mandatory life sentence had he been properly advised. The court instead credited Garza's testimony that Cisneros was a "fighter" who was unwilling to testify against his family. It also highlighted Lewis's testimony that cooperation would have likely required Cisneros to provide the Government with evidence against his family. Additionally, the court credited Lewis's and Garza's testimony that they had no recollection about any plea agreement discussions. Finally, the court noted that after trial, but

---

except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

before sentencing, Cisneros attempted to escape from custody, and that such an attempt was "not the actions of a man who is considering cooperating with the Government." The district court thus concluded that because Cisneros was "resolute in taking his case to trial," he was not prejudiced by Garza's alleged erroneous advice about the benefits or drawbacks of a plea agreement.

On appeal, Cisneros argues that the evidence cited by the district court that suggests he was not inclined to accept a plea agreement is of "limited value" because it was infected by Garza's deficient performance, and specifically, Garza's failure to inform him of his true sentencing exposure if he went to trial. Cisneros asserts that due to Garza's ineffective counsel he was "not in a position" to appreciate the generosity of the Government's plea offer of twenty years compared to the mandatory life sentence he ultimately received. He also points to his testimony that he would have "never" risked receiving a mandatory life sentence had he known that was a possibility. However, this argument conflicts with the district court's factual findings that neither Cisneros's claim that Garza "never explained to him that the filing of the enhancement subjected him to a possible mandatory life sentence" nor his claim that the Government offered him a guaranteed sentence of twenty-years of imprisonment, were credible. Because these factual findings, based on credibility determinations, are plausible in light of the record as a whole, they are not clearly erroneous. *See id.*

In sum, the district court did not err in considering both contemporaneous and non-contemporaneous evidence to determine whether Cisneros demonstrated prejudice. And the record supports the court's conclusion that Cisneros failed to show a reasonable probability that he would have pleaded guilty but for his counsel's alleged erroneous advice. Accordingly, Cisneros has failed to meet his burden to establish prejudice.

No. 22-40102

## IV.

Based on the foregoing, the district court's judgment is AFFIRMED.